IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH BANKS, | ) | |
| Petitioner, | ) | C.A. No. 07-51 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge McLaughlin |
| HELEN J. MARBERRY, Warden, | ) | Chief Magistrate Judge Baxter |
| FCI McKean, | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the petition for writ of habeas corpus filed by Petitioner, Keith Banks, be denied, and that a certificate of appealability be denied.

**II.    REPORT**

Petitioner is an inmate incarcerated at the Federal Correctional Institution, McKean ("FCI McKean"), located in Bradford, Pennsylvania. He is serving a 52 month aggregate sentence imposed by the Superior Court of the District of Columbia for violations of the D.C. Code. He has filed a petition for writ of habeas corpus (Docket No. 5) in which he contends that the Federal Bureau of Prisons (the "BOP")[1] erred in computing his sentence.[2]

**A.    Relevant Facts and Procedural History**

---

[1] The National Capital Revitalization and Self-Government Improvement Act of 1997 placed responsibility for the incarceration and treatment of existing and future sentenced D.C. Code felony offenders with the BOP. See D.C.Code § 24-1201.

[2] Petitioner, who is proceeding *pro se*, filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because his sentences were imposed by the Superior Court of the District of Columbia, he is considered a state prisoner for federal habeas purposes. See Keitt v. U.S. Parole Comm'n, 238 Fed.Appx. 755, 758 (3d Cir. 2007) (citing Madley v. United States Parole Comm'n, 278 F.3d 1306 (D.C. Cir. 2002)); see also Morgan v. LaManna, 150 Fed.Appx. 145, 147 (3d Cir. 2005). The Court of Appeals for the Third Circuit has held that an inmate challenging the execution of a sentence imposed by the Superior Court of the District of Columbia must rely on the more specific habeas provisions applicable to state prisoners, 28 U.S.C. § 2254, and may not rely on § 2241. Id. Petitioner's habeas petition will therefore be construed as being filed under § 2254. The practical impact of this construction is that he must receive a certificate of appealability in order to pursue an appeal. Id.; 28 U.S.C. § 2253(c)(2).

1

On March 12, 2005, Petitioner – who at that time was serving a term of supervised release that previously had been imposed by the Superior Court of the District of Columbia – was arrested for the D.C. Code offense, "Attempt to Possess with Intent to Distribute Cocaine," D.C. Code 48-904.01. (Aff. of Joann Shannon, attached to Docket No. 12 as Ex. A, at ¶ 4). He was held in custody until he posted bond on March 14, 2005. (Id.)

Petitioner failed to submit urine drug testing samples on March 21 and March 23, 2005, as required as a condition of his supervised release. (Id. at ¶ 5). He also failed to report to the officer in charge of his supervised release on March 30 and April 7, 2005. (Id. at ¶ 6). On April 18, 2005, a warrant was issued for his arrest for violating conditions of his supervised release. (Id. at ¶ 7). As a result of the warrant, his bond for the "Attempt to Possess and Intent to Distribute Cocaine" arrest was revoked and he was taken into custody on April 25, 2005. (Id. at ¶ 8).

On May 6, 2005, a warrant for Petitioner's arrest for violation of the terms of supervised release was processed. (Id. at ¶ 9). At a hearing held on the supervised release violation on July 18, 2005, the Superior Court of the District of Columbia ordered that Petitioner's supervised release be revoked effective May 6, 2005, the date the warrant was processed. The court sentenced him to 16 months' imprisonment for his violation of supervised release. (Id. at ¶ 10). At some point thereafter, Petitioner entered a plea on the charge of "Attempt to Possess with Intent to Distribute Cocaine," and on October 19, 2005, the Superior Court of the District of Columbia sentenced him to 36 months' incarceration to run consecutively to any other sentence. (Id. at ¶ 11).

For administrative purposes, the BOP aggregated Petitioner's consecutive sentences of 16 months and 36 months into a total sentence of 52 months. The BOP calculated this sentence to have commenced on May 6, 2005 (the date his supervised release was revoked). It has awarded him jail credit for all time he has spent in custody prior to the commencement of his sentence. Specifically, Petitioner has receive jail credit: from March 12, 2005 (the date he was arrested for "Attempt to Possess With Intent to Distribute Cocaine") through March 14, 2005 (the date he was released on bond); and, from April 25, 2005 (the date his bond was revoked and he was taken back into custody) through May 5, 2005 (the day before his supervised release was effectively revoked and his current sentence commenced).

2

In his petition for writ of habeas corpus, Petitioner contends that the BOP has erred in its sentence computation and that he is entitled to "presentence credit" under to 18 U.S.C. § 3585(b).

### B.  Exhaustion

An inmate challenging the execution of his sentence first must exhaust administrative remedies before bringing his claim to federal court. United States v. Wilson, 503 U.S. 329, 334-35 (1992); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996). For inmates confined in institutions operated by the BOP, the initial venue is the administrative process. The BOP codified its Administrative Remedy Program in 28 C.F.R. Part 542, which provides detailed procedures and guidelines for inmates seeking administrative review of any aspect of their confinement. Respondent concedes that Petitioner has exhausted his available administrative remedies with the BOP on the issue that is the subject of this petition. (Docket No. 8 at 2).

### C.  Discussion

Petitioner claims that he is entitled to presentence credit under 18 U.S.C. § 3585(b). However, as a D.C. Code offender, 18 U.S.C. § 3585(b) is not applicable to him. See Program Statement 5880.32,[3] Page 1 ("18 U.S.C. § 3585(b), Credit for prior custody, the U.S. Code jail time credit provision … does not apply to D.C. Code sentences.")[4] Rather, D.C. Code § 24-221.03, Jail time; parole, is the applicable statute. It provides:

> (a) **Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody** or on parole **as a result of the offense for which the sentence was imposed**. When entering the final order in any case, the court shall provide that the person be given credit for the time spent in custody or on parole as a result of the offense for which sentence was imposed.

D.C. Code § 24-221.03(a) (emphasis added) (formerly cited as D.C. Code § 24-431).

---

[3] To ensure consistency in computing the sentences for D.C. Code offenders, the BOP has promulgated Program Statement 5880.32, District of Columbia Sentence Computation Manual (issued Jan. 23, 2001 and updated Jan. 24, 2003). Program Statement 5880.32 and its update are available in their entirety at the BOP's website, www.bop.gov.

[4] 18 U.S.C. § 3585(b) does not entitle U.S. Code offenders to the prior custody credit that Petitioner seeks in this case. Thus, even if the statute were applicable to him (it is not), he would not be entitled to relief.

3

Chapter 8 of Program Statement 5880.32 sets forth the BOP's policy regarding the application of jail time credit under § 24-221.03. It instructs, in relevant part: "'In custody' time (official detention), for jail time crediting purposes, begins on the date taken into custody on the basis of the offense for which the sentence was imposed.… Jail time credit will be awarded … [for] [t]ime spent in official detention as a result of the offense for which the sentence was imposed." Program Statement 5880.32, Page 2, ¶ 8.8. It further instructs that for consecutive sentences that are aggregated for administrative purposes, such as Petitioner's,[5] the BOP is to "total all jail time credit and deduct from the aggregate." (Id., Page 5).

In accordance with D.C. Code § 24-221.03 and applicable policy, the BOP aggregated Petitioner's consecutive sentences of 16 months and 36 months for a total term of 52 months, and then deducted from that term jail time credit for time served "in custody" prior to the May 6, 2005 (the effective date of the revocation of his supervised release and the date the BOP determined that his aggregate sentence commenced). Petitioner has not demonstrated that he is entitle to any additional credit against his sentence.

In support of his claim for relief, Petitioner asserts that he is currently serving the term of imprisonment on his conviction for "Attempt to Posses With Intent to Distribute Cocaine," which was imposed on October 19, 2005, and that he is entitled to "presentence credit" for the time he spent in custody prior to the imposition of that specific sentence. He actually is serving the aggregate sentence of 52 months that was calculated as commencing on May 6, 2005. He has served the 16 months of that sentence imposed for his supervised release violation, and upon the completion of that term, he immediately began serving the portion of that sentence imposed for his "Attempt to Possess" conviction. He has been serving his sentence from May 6, 2005 forward, and he also received jail credit, or presentence credit, for all time he spent in official detention prior to that date (from March 12 through March 14, 2005 and from April 25 through May 5, 2005).

There is no basis under the law or BOP policy for an award of any additional jail credit on Petitioner's sentence. Accordingly, his habeas petition has no merit and it should be denied.

---

[5] Petitioner does not dispute that his sentences were to be served consecutively.

### D. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a state prisoner's habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[.]" Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Here, Petitioner has not raised any claim that implicates his constitutional rights and reasonable jurists would not find it debatable whether his claim challenging the computation of his sentence is without merit. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied, and that a certificate of appealability be denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B), the parties are allowed 10 days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have 7 days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: April 4, 2008